**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| ASDC HOLDINGS, LLC; ASDC LIQUIDATION, INC.; VALOR MANAGEMENT CORP.; ANTONIO GRACIAS; JUAN SABATER; JONATHAN SHULKIN; and ALL SMILES LIQUIDATION TRUST, | § § § § § § § § | |
| Plaintiffs, | § § | Misc. Case No. 3:15-MC-89 |
| v. | § § § | Pending before the |
| THE RICHARD J. MALOUF 2008 ALL-SMILES GRANTOR RETAINED ANNUITY TRUST, RICHARD J. MALOUF, STRAIT LANE FAMILY LP, CAMELIA FAMILY LIMITED PARTNERSHIP, and DEAL TIME AUTO GROUP, LLC, | § § § § § § § § § § | American Arbitration Association (Commercial Arbitration) Case No. 14 193 Y 00243 11 |
| Defendants. | § | |

**BRIEF IN SUPPORT OF NON-PARTIES' MOTION TO QUASH
SUBPOENAS DUCES TECUM ISSUED IN ARBITRATION PROCEEDING**

TO THE HONORABLE COURT:

Pursuant to Federal Rule of Civil Procedure 45(d)(3)(A), as made applicable here by Federal Rule of Civil Procedure 81(a), non-parties Michael P. Gibson ("Gibson") and Burleson, Pate & Gibson, L.L.P. ("BP&G") (together "Movants"), file their Motion to Quash certain Subpoenas Duces Tecum (the "Subpoenas"), served incident to an arbitration being administered by the American Arbitration Association (the "Arbitration") and respectfully state as follows:

**SUMMARY OF MOTION**

The Subpoenas are defective for at least four reasons. First, they facially improperly seek to invade the attorney-client privilege and work product exemption, seeking as they do files for

which a client has not waived privilege. Second, the Subpoenas impose an undue and unnecessary burden upon the Movants. Third, the Subpoenas do not provide a reasonable time for compliance. Fourth, there is no statutory basis or Rule which would allow the pre-trial subpoena of documents and testimony from a third-party to an Arbitration. Respectfully, the Subpoenas must be quashed.

## FACTUAL AND PROCEDURAL HISTORY

1. Movant Gibson is an individual and a citizen and resident of the State of Texas, and is an attorney licensed to practice law in the State of Texas and admitted to practice before this Court.[1]

2. Movant BP&G is a Texas limited liability partnership whose principal office is located in Dallas County, Texas.[2]

3. On August 5, 2015, Movants were each served with a *Subpoena Duces Tecum*[3] issued out of the Arbitration, and apparently signed one member of the panel assigned to hear the Arbitration (the "Arbitration Panel").[4] The Subpoenas cite for their authority Rule 34(d) of the Commercial Arbitration Rules of the American Arbitration Association and Section 7 of the Federal Arbitration Act, codified at 9 U.S.C. § 7.[5]

4. Movants are not parties to the Arbitration.[6]

5. The subpoena served on Movant Gibson calls for him to "testify and provide evidence in a certain arbitration hearing" on August 27, 2015, in the offices of Susman Godfrey,

---

[1] *See* Declaration of Michael P. Gibson (the "Gibson Declaration"), ¶ 3. The Gibson Declaration is being filed concurrently herewith.

[2] *See* Gibson Declaration, ¶ 3.

[3] *See* Gibson Declaration, ¶ 5. True and correct copies of the Subpoenas are attached hereto as Exhibits "A" & "B."

[4] *See* Subpoenas, attached hereto as Exhibits "A" & "B."

[5] *See* Subpoenas, attached hereto as Exhibits "A" & "B."

[6] *See* Gibson Declaration, ¶ 6.

LLP, 901 Main Street, Suite 5100, Dallas, Texas.[7] The subpoena served on Movant Gibson also commands it to "bring with [him]" certain documents identified in an exhibit to the subpoena.[8]

6. The subpoena served on Movant BP&G commands it to "testify and provide evidence in a certain arbitration hearing" on August 26, 2015, in the offices of Susman Godfrey, LLP, 901 Main Street, Suite 5100, Dallas, Texas.[9] The subpoena served on Movant BP&G also commands it to "bring with [it]" certain documents identified in an exhibit to the subpoena.[10]

7. Movants have served timely objections to the Subpoenas concurrently herewith.[11]

8. Each of the Subpoenas commands Movants to "bring with [them] and produce documents regarding [their] representation of All Smiles Dental Center, Inc. ("All Smiles") in connection with government investigations:

> 1. Any fee agreements between All Smiles, on the one hand, and Burleson Pate & Gibson LLP, on the other.
>
> 2. Your client files for All Smiles.
>
> 3. Documents relating to any Government Investigation.[12]

The term "Government Investigation" is, in turn, defined as "all investigations or audits concerning All Smiles, Malouf, or any employee, agent, or representative thereof, by a government authority (including but not limited to the Department of Justice, the United States Attorney's office, the Dallas County District Attorney's office, the Texas Attorney General's

---

[7] *See* Subpoena, attached hereto as Exhibit "A."

[8] *See* Subpoena, attached hereto as Exhibit "A."

[9] *See* Subpoena, attached hereto as Exhibit "B."

[10] *See* Subpoena, attached hereto as Exhibit "B."

[11] *See* Non-Parties Michael P. Gibson and Burleson Pate & Gubson, LLP's Objections to Subpoena Duces Tecum, attached hereto as Exhibit "C."

[12] *See* Subpoenas, attached hereto as Exhibits "A" & "B."

office, the Office of the Inspector General, the Department of Health and Human Services, or the Texas Medicaid Fraud Control Unit) related to services provided by All Smiles or Malouf."[13]

9.  The relevant time period is defined as January 1, 2004 to the present.[14]

10. Movants' were served in the Northern District of Texas and the place of performance specified in the Subpoenas is in the Northern District of Texas. Accordingly, venue and jurisdiction are proper in this Court pursuant to Federal Rule of Civil Procedure 45(d)(3)(A), as made applicable here by Federal Rule of Civil Procedure 81.

## ARGUMENTS AND AUTHORITIES

### A. Standard for Motions to Quash and for Protection

#### 1. Federal Rules of Civil Procedure

11. As it is issued pursuant to Section 7 of the Federal Arbitration Act, application of Federal Rules of Civil Procedure 81(a)(6) makes the Subpoenas subject to the terms of Federal Rules of Civil Procedure 45. Rule 45(d)(3) provides that

> On timely motion, the court for the district where compliance is required must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply; (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c); (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or (iv) subjects a person to undue burden.[15]

12. Rule 45(d)(1) provides that the party issuing the subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena.[16]

#### 2. Federal Arbitration Act

13. The Federal Arbitration Act does not authorize arbitrators to compel pre-hearing document discovery from non-parties.[17]

---

[13]  *See* Subpoenas, attached hereto as Exhibits "A" & "B."

[14]  *See* Subpoenas, attached hereto as Exhibits "A" & "B."

[15]  *See* FED. R. CIV. P. 45(d)(3).

[16]  *See* FED. R. CIV. P. 45(d)(1).

B.   **The Subpoenas are Improper and Should be Quashed**

   1.   **The Subpoenas improperly seek to invade the attorney-client privilege**

14.   In 2005, Movants were engaged to represent, and did represent, Dr. Richard Malouf, in connection with a Federal Health Care investigation in the Northern District of Texas.[18] Neither Movant had any engagement agreement with All Smiles Dental Center, Inc., All Smiles Dental Center P.A., ASDC Property Holdings, LLC, or ASDC Holdings, LLC.[19]

15.   Dr. Malouf has not waived the attorney-client privilege.[20]

16.   The Subpoenas seek testimony and documents relating to "all investigations or audits concerning All Smiles, Malouf, or any employee, agent, or representative thereof, by a government authority (including but not limited to the Department of Justice, the United States Attorney's office, the Dallas County District Attorney's office, the Texas Attorney General's office, the Office of the Inspector General, the Department of Health and Human Services, or the Texas Medicaid Fraud Control Unit) related to services provided by All Smiles or Malouf." As a result, the Subpoenas necessarily seek information and documents which are protected from disclosure by the attorney-client privilege and work-product exemption.

17.   The attorney-client privilege guards confidential communications made by a client to his attorney from disclosure.[21] Under the state and federal common law, as well as

---

[17]   *See Empire Fin. Group, Inc. v. Penson Fin. Servs., Inc.*, Case No. 3:09-CV-2155-D, 2010 WL 742579 *2 (N.D. Tex. March 03, 2010) ("The court adopts the reasoning of the Third and Second Circuits and holds that § 7 of the FAA does not authorize arbitrators to compel production of documents from a non-party, unless they are doing so in connection with the non-party's attendance at an arbitration hearing."), citing ; *Life Receivables Trust v. Syndicate 102 at Lloyd's of London*, 549 F.3d 210, 2116-17 (2nd Cir. 2008) ("Thus, we join the Third Circuit in holding that section 7 of the FAA does not authorize arbitrators to compel pre-hearing document discovery from entities not party to the arbitration proceedings.") and *Hay Group, Inc. v. E.B.S. Acquisition Corp.*, 360 F.3d 404, 406 (3d Cir. 2004).

[18]   *See* Gibson Declaration, ¶ 3.

[19]   *See* Gibson Declaration, ¶ 3.

[20]   *See* Gibson Declaration, ¶ 6.

[21]   *See United States v. Neal*, 27 F.3d 1035, 1048 (5th Cir.1994).

Texas Evidence Rule 503, the client, not the client's attorney, holds the attorney-client privilege.[22]

18. In issuing the Subpoenas, the Arbitration specifically allowed that Movants "may determine what, if any, privilege objections they will assert to either the production of documents and/or the giving of testimony."[23] That this Motion would be filed is therefore not a surprise.

19. Without the client's consent, Objectors cannot disclose any document related to Dr. Malouf's file. As such, and pursuant to Rule 45(d)(3)(A), the Subpoenas must be quashed.[24]

**2. The Subpoenas impose undue burden and expense with respect to documents**

20. In considering the if a subpoena is unreasonable or oppressive, Courts consider the relevance of the information requested, the need of the party for the documents, the breadth of the document request, the time period covered by the request, the particularity with which the party describes the requested documents, and the burden imposed.[25] Further, if the person to whom the document request is made is a non-party, the court may also consider the expense and inconvenience to the non-party.[26]

21. The Subpoenas, served on August 5, 2015, require Movants to locate, identify, and produce documents relating to a broadly defined "Government Investigation," which is to say most of Dr. Malouf's client documents in Movants' possession, as either hard copies or stored electronically. In addition to identifying responsive documents, Movants will be required

---

[22] *See* TEX. R. EVID. 503(b)(1), made applicable by FED. R. EVID. 501 ("But in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision."); TEX. DISCIPLICARY R. PROF. CONDUCT 1.05; *see also In re Grand Jury Subpoenas*, 561 F.3d 408, 411 (5th Cir.2009) ("Work product protections, unlike the attorney-client privilege, are held by the attorney as well as the client. This court has stated: 'the work product privilege belongs to both the client and the attorney, either of whom may assert it. Thus, a waiver by the client of the work product privilege will not deprive the attorney of his own work product privilege, and vice versa.'");

[23] *See* Order Regarding Pending Discovery Issues [redacted], attached hereto as Exhibit "D."

[24] *See* FED. R. CIV. P. 34(d)(3)(A).

[25] *See Williams v. City of Dallas*, 178 F.R.D. 103, 109 (N.D. Tex. 1998).

[26] *See Williams*, 178 F.R.D. at 109; *see also* FED R. CIV. P. 45(d).

to determine whether or not each such document was subject to a claim of privilege or attorney work product.

22.     Movants – third-parties to the Arbitration and uncompensated – would be required under the subpoena to determine which documents are and are not responsive and which documents are and are not privileged or exempted from discovery. There is no provision for any payment of Movant's fees and costs incurred in connection with doing so, much less for the cost of their time.

23.     Because the Plaintiffs will not provide a copy of their Statement of Claim, Movants are unable to evaluate if the requested documents are relevant; however, the relevance of privileged and exempted documents is specious.  As to need, it is unlikely that in an apparently multi-million arbitration proceeding the parties would wait to even attempt to obtain documents that are "needed" until less than 60 days before the arbitration hearing is set to begin. As to the general nature and over-breadth of the request and the time period, Plaintiffs are seeking any and all documents related to a broadly defined government investigation starting over ten years ago. Finally, as to burden, Movants – third-parties to the Arbitration – are expected to find over ten years' worth of documents, determine which documents are and are not responsive, and determine which documents are and are not privileged or exempted from discovery. There is no provision for the payment of Movant's fees and costs incurred in connection with doing so, much less for the cost of their time.

24.     As such the Subpoenas have and will impose upon Movants undue burden and expense, violate the admonitions of Rule 45(d)(1), and, pursuant to Rule 45(d)(3)(A), must be quashed.[27]

---

[27]     *See* FED. R. CIV. P. 34(d)(3)(A).

25. In the alternative, and to the extent the Court would not quash the Subpoenas entirely, Movants would pray that the Court appoint a special master, at the cost of the party demanding the documents, to review the requested documents for privilege and segregate appropriately. In the further alternative, and to the extent the Court would not quash the Subpoenas entirely, Movants would pray that the Court order that the fees and costs incurred in reviewing, segregating, and producing documents, as well as any subsequent demand for any privilege log, be paid for by the party demanding same.

### 3. The Subpoenas impose unnecessary burden as to testimony

26. In addition to the broad, privileged documents sought by the Subpoenas, the Subpoenas further seek testimony over a two day period. The Subpoenas were not coordinated beforehand and to not take into account the Movants' and their representatives' schedules. Again, there is no compensation, other than the statutory witness fee, for this overlong and schedule-disruptive testimony, all of which is likely protected by privilege. The Subpoenas thereby impose an undue and unnecessary burden upon Movants, violate Rule 45(d)(1), and, pursuant to Rule 45(d)(3)(A), must be quashed.[28]

### 4. The Subpoenas fail to allow a reasonable time to comply

27. The Subpoenas, served on August 5, 2015, require Movants to locate, identify, and produce all of Dr. Malouf's client documents in their possession as either hard copies or stored electronically. In addition to identifying responsive documents, Movants are required to determine whether or not each such document was subject to a claim of privilege or attorney work product.

---

[28] *See* FED. R. CIV. P. 34(d)(3)(A).

28. To do all this, Movants are provided three weeks. Even parties are afforded thirty days under the Rules to review and prepare documents and responses to the requests.[29] By providing such overly broad document requests and providing less time than allowed under the Rules for responding, which time is not reasonable, the Subpoenas violate the admonitions of Rule 45(d)(1) and, pursuant to Rule 45(d)(3)(A), must be quashed.[30]

### 5. There is no authority for the issuance of the Subpoenas

29. The Federal Arbitration Act does not authorize arbitrators to compel pre-hearing document discovery from non-parties.[31]

30. After consultation with the American Arbitration Association, and upon information and belief, the Arbitration is not set to be heard until the end of September 2015.[32] Upon further consultation with the American Arbitration Association, and upon information and belief, the Arbitration itself is being administered in Rhode Island, and the Arbitrators will not be physically present in Dallas at the date and time specified by the Subpoenas, even though an in-person, physical presence is required by the Act and case law interpreting the Act.[33]

31. Even Plaintiff's attempted end-around the statute and Rules was to be contemplated, the physical presence of the Arbitration Panel is required in such an instance if for

---

[29] *See* FED. R. CIV. P. 34.

[30] *See* FED. R. CIV. P. 34(d)(3)(A).

[31] *See Empire Fin. Group, Inc.*, 2010 WL 742579 *2 ("The court adopts the reasoning of the Third and Second Circuits and holds that § 7 of the FAA does not authorize arbitrators to compel production of documents from a non-party, unless they are doing so in connection with the non-party's attendance at an arbitration hearing."), citing ; *Life Receivables Trust*, 549 F.3d at 216-17 ("Thus, we join the Third Circuit in holding that section 7 of the FAA does not authorize arbitrators to compel pre-hearing document discovery from entities not party to the arbitration proceedings.") and *Hay Group, Inc.*, 360 F.3d at 406.

[32] *See* Gibson Declaration, ¶ 8.

[33] *See* 9 U.S.C. § 7 ("The arbitrators selected either as prescribed in this title or otherwise, or a majority of them, may summon in writing any person *to attend before them or any of them* as a witness and in a proper case to bring with him or them any book, record, document, or paper which may be deemed material as evidence in the case.") (emphasis added); *Hay Group*, 360 F.3d at 406 ("Thus, Section 7's language unambiguously restricts an arbitrator's subpoena power to situations *in which the non-party has been called to appear in the physical presence of the arbitrator* and to hand over the documents at that time.") (emphasis added).

no other reason than to serve on a necessary check on an arbitrators' power, such that their "inconvenience" will induce panel members (and parties) to weigh whether in-advance third-party testimony and production of documents is necessary or appropriate.[34] The Subpoenas, however styled, are for a pre-trial deposition and pre-trial production of documents, and *not* for the hearing of the Arbitration case, and are not countenanced by the Act.[35] Accordingly the Subpoenas should be quashed.

## PRAYER FOR RELIEF

WHEREFORE, Movants pray that the Court quashes and protects Movants from the Subpoenas, and grants Movants what other and further relief may be warranted or appropriate at law or equity.

Respectfully submitted,

/s/ Douglas Wade Carvell, P.C.
Charles W. Gameros, Jr., P.C.
Texas State Bar No. 00796596
Douglas Wade Carvell, P.C.
Texas State Bar No. 00796316

**HOGE & GAMEROS, L.L.P.**
4514 Cole Avenue, Suite 1500
Dallas, Texas 75205
Telephone:  (214) 765-6002
Facsimile:  (214) 292-8556
E-Mail:  BGameros@LegalTexas.com
        WCarvell@LegalTexas.com

**ATTORNEYS FOR MOVANTS**

---

[34] *See Hay Group*, 360 F.3d at 414 (Chertoff, J. concurring) ("To be sure, this procedure requires the arbitrators to decide that they are prepared to suffer some inconvenience of their own in order to mandate what is, in reality, an advance production of documents. But that is not necessarily a bad thing, since it will induce the arbitrators and parties to weigh whether advance production is really needed.").

[35] *See* Subpoenas, attached hereto as Exhibits "A" & "B." (calling for the proposed testimony to be "recorded by videotape and stenographic means").

## CERTIFICATE OF SERVICE

I hereby that on August 19, 2015 a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by electronic mail, facsimile, or regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

I further hereby certify that on August 19, 2015 a copy of the foregoing was served upon the following via the methods indicated:

| | |
|---|---|
| **VIA REGULAR UNITED STATES MAIL AND E-MAIL** | **VIA REGULAR UNITED STATES MAIL AND E-MAIL** |
| Barry Barnett | C. Gregory Shamoun, Esq. |
| SUSMAN GODFREY, LLP | SHAMOUN & NORMAN, LLP |
| 901 Main Street, Suite 5100 | 1755 Wittington Place, Suite 200 |
| Dallas Texas 75202 | Dallas, Texas 75234 |
| Telephone:    214-754-1903 | Telephone:    (214) 987-1745 |
| Facsimile:    214-754-1933 | Facsimile:    (214) 521-9033 |
| E-Mail:    bbarnett@susmangodfrey.com | Email:    g@snlegal.com |
| *Counsel for Plaintiffs* | *Counsel for Defendants* |

/s/ Douglas Wade Carvell, P.C.
Douglas Wade Carvell, P.C.