**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| ASDC HOLDINGS, LLC; ASDC LIQUIDATION, INC.; VALOR MANAGEMENT CORP.; ANTONIO GRACIAS; JUAN SABATER; JONATHAN SHULKIN; and ALL SMILES LIQUIDATION TRUST, | § § § § § § § § | |
| Plaintiffs, | § § | Misc. Case No. 3:15-mc-00089-P |
| v. | § § | Pending before the |
| THE RICHARD J. MALOUF 2008 ALL-SMILES GRANTOR RETAINED ANNUITY TRUST, RICHARD J. MALOUF, STRAIT LANE FAMILY LP, CAMELIA FAMILY LIMITED PARTNERSHIP, and DEAL TIME AUTO GROUP, LLC, | § § § § § § § § | American Arbitration Association (Commercial Arbitration) Case No. 14 193 Y 00243 11 |
| Defendants. | § § | |

**NON-PARTIES' MOTION FOR PROTECTION**

TO THE HONORABLE COURT:

Pursuant to Federal Rules of Civil Procedure 45(e) and 26(c), as made applicable here by Federal Rule of Civil Procedure 81, non-parties Michael P. Gibson ("Gibson") and Burleson, Pate & Gibson, L.L.P. ("BP&G") (together "Movants"), file this Motion for Protection and respectfully state as follows:

**SUMMARY OF MOTION**

For the same reasons that Movants sought to quash the third-party arbitration subpoenas served by Plaintiffs, Movants seek protection from the subpoena and the attendant document requests. Movants require protection from the Subpoenas because the Subpoenas (i) improperly

seek to invade the attorney-client privilege and work product exemption, seeking as they do files for which a client has not waived privilege, (ii) impose an undue and unnecessary burden upon the Movants, (iii) fail to provide a reasonable time for compliance, and (iv) lack a statutory basis or Rule which would allow the pre-trial subpoena of documents and testimony from a third-party to an Arbitration.

## FACTUAL AND PROCEDURAL HISTORY

1. Movant Gibson is an individual and a citizen and resident of the State of Texas, and is an attorney licensed to practice law in the State of Texas and admitted to practice before this Court.[1]

2. Movant BP&G is a Texas limited liability partnership whose principal office is located in Dallas County, Texas.[2]

3. On August 5, 2015, Movants were each served with a Subpoena Duces Tecum[3] (the "Subpoenas") issued out of the Arbitration, and apparently signed by one member of the panel assigned to hear the Arbitration (the "Arbitration Panel").[4] The Subpoenas cite for their authority Rule 34(d) of the Commercial Arbitration Rules of the American Arbitration Association and Section 7 of the Federal Arbitration Act, codified at 9 U.S.C. § 7.[5]

4. Movants are not parties to the Arbitration.[6]

5. The subpoena served on Movant Gibson calls for him to "testify and provide evidence in a certain arbitration hearing" on August 27, 2015, in the offices of Susman Godfrey,

---

[1] *See* Declaration of Michael P. Gibson (the "Gibson Declaration"), ¶ 3.

[2] *See* Gibson Declaration, ¶ 3.

[3] *See* Gibson Declaration, ¶ 5. True and correct copies of the Subpoenas are attached hereto as Exhibits "A" & "B."

[4] *See* Subpoenas, attached hereto as Exhibits "A" & "B."

[5] *See* Subpoenas, attached hereto as Exhibits "A" & "B."

[6] *See* Gibson Declaration, ¶ 6.

LLP, 901 Main Street, Suite 5100, Dallas, Texas.[7] The subpoena served on Movant Gibson also commands it to "bring with [him]" certain documents identified in an exhibit to the subpoena.[8]

6. The subpoena served on Movant BP&G commands it to "testify and provide evidence in a certain arbitration hearing" on August 26, 2015, in the offices of Susman Godfrey, LLP, 901 Main Street, Suite 5100, Dallas, Texas.[9] The subpoena served on Movant BP&G also commands it to "bring with [it]" certain documents identified in an exhibit to the subpoena.[10]

7. Each of the Subpoenas commands Movants to bring with them and produce documents regarding their representation of All Smiles Dental Center, Inc. ("All Smiles") in connection with certain government investigations, specfically:

    1. Any fee agreements between All Smiles, on the one hand, and Burleson Pate & Gibson LLP, on the other.

    2. Your client files for All Smiles.

    3. Documents relating to any Government Investigation.[11]

The term "Government Investigation" is, in turn, defined as "all investigations or audits concerning All Smiles, Malouf, or any employee, agent, or representative thereof, by a government authority (including but not limited to the Department of Justice, the United States Attorney's office, the Dallas County District Attorney's office, the Texas Attorney General's office, the Office of the Inspector General, the Department of Health and Human Services, or the Texas Medicaid Fraud Control Unit) related to services provided by All Smiles or Malouf."[12]

---

[7] *See* Subpoena, attached hereto as Exhibit "A."
[8] *See* Subpoena, attached hereto as Exhibit "A."
[9] *See* Subpoena, attached hereto as Exhibit "B."
[10] *See* Subpoena, attached hereto as Exhibit "B."
[11] *See* Subpoenas, attached hereto as Exhibits "A" & "B."
[12] *See* Subpoenas, attached hereto as Exhibits "A" & "B."

8. The relevant time period is defined as January 1, 2004 to the present.[13]

9. Movants served timely objections to the Subpoenas.

10. Movants timely filed a Motion to Quash the Subpoenas on August 19, 2015.[14]

## ARGUMENTS AND AUTHORITIES

**A.  Standard for Protection**

11. As it is issued pursuant to Section 7 of the Federal Arbitration Act, application of Federal Rules of Civil Procedure 81(a)(6) makes the Subpoenas subject to the terms of Federal Rules of Civil Procedure 45.

12. Rule 26(c) provides that a person from whom discovery is sought may move for a protective order, and that the Court may, for good cause and when justice requires it, issue an order to protect the person from annoyance, embarrassment, oppression, or undue burden or expense.[15] Here, in addition to quashing the Subpoenas, Movant seek protection for the testimony and documents sought by the subpoena for those reasons.

**B.  Movants should be protected from the Subpoenas**

    **1.  The Subpoenas impose undue burden and expense with respect to documents**

13. Rule 26 does not define the terms annoyance, embarrassment, oppression, or undue burden or expense; but, in considering motions to quash, Courts determining the existence of undue burden or expense consider the relevance of the information requested, the need of the party for the documents, the breadth of the document request, the time period covered by the request, the particularity with which the party describes the requested documents, and the burden

---

[13] *See* Subpoenas, attached hereto as Exhibits "A" & "B."

[14] *See* Non-Parties' Motion to Quash Subpoenas Duces Tecum Issued in Arbitration Proceeding [Dkt. No. 1]; Brief in Support of Non-Parties' Motion to Quash Subpoenas Duces Tecum Issued in Arbitration Proceeding [Dkt. No. 2].

[15] *See* FED. R. CIV. P. 26(c).

imposed.[16] Further, if the person to whom the document request is made is a non-party, the court may also consider the expense and inconvenience to the non-party.[17]

14. The Subpoenas, served on August 5, 2015, require Movants to locate, identify, and produce documents relating to a broadly defined "Government Investigation," which is to say most if not all of Dr. Malouf's client documents in Movants' possession, as either hard copies or stored electronically. In addition to identifying and retrieving responsive documents, Movants will be required to determine whether or not each such document was subject to a claim of privilege or attorney work product.

15. Movants – third-parties to the Arbitration and uncompensated – would be required under the subpoena to determine which documents are and are not responsive and which documents are and are not privileged or exempted from discovery. There is no provision for any payment of Movant's fees and costs incurred in connection with doing so, much less for the cost of their time.

16. Because the Plaintiffs will not provide a copy of their Statement of Claim, Movants are unable to evaluate if the requested documents are relevant; however, the relevance of privileged and exempted documents is specious. As to need, it is unlikely that in an apparently multi-million arbitration proceeding the parties would wait to even attempt to obtain documents that are "needed" until less than 60 days before the hearing is set to begin. As to the general nature and over-breadth of the request and the time period, Plaintiffs are seeking any and all documents related to a broadly defined government investigation starting over ten years ago. Finally, as to burden, Movants – third-parties to the Arbitration – are expected to find over ten years' worth of documents, determine which documents are and are not responsive, and

---

[16] *See Williams v. City of Dallas*, 178 F.R.D. 103, 109 (N.D. Tex. 1998).

[17] *See Williams*, 178 F.R.D. at 109; *see also* FED R. CIV. P. 45(d).

determine which documents are and are not privileged or exempted from discovery. There is no provision for the payment of Movant's fees and costs incurred in connection with doing so, much less for the cost of their time.

17. As such, the Subpoenas are oppressive and have and will impose upon Movants undue burden and expense. Accordingly, Movants seek protection pursuant to Rule 26(c) from the documents requested in the Subpoenas.

18. In the alternative, Movants would pray that the Court appoint a special master, at the cost of the party demanding the documents, to review the requested documents for privilege and segregate appropriately. In the further alternative, Movants would pray that the Court order that the fees and costs incurred in reviewing, segregating, and producing documents, as well as any subsequent demand for any privilege log, be paid for by the party demanding same.

### 2. The Subpoenas fail to allow a reasonable time to comply

19. The Subpoenas, served on August 5, 2015, require Movants to locate, identify, and produce all of Dr. Malouf's client documents in their possession as either hard copies or stored electronically. In addition to identifying responsive documents, Movants are required to determine whether or not each such document was subject to a claim of privilege or attorney work product.

20. To do all this, Movants are provided three weeks. Even parties are afforded thirty days under the Rules to review and prepare documents and responses to the requests.[18] By providing such overly broad document requests and providing less time than allowed under the Rules for responding, which time is not reasonable, the Subpoenas the Subpoenas are oppressive and have and will impose upon Movants undue burden and expense. Accordingly, Movants seek protection pursuant to Rule 26(c) from the documents requested in the Subpoenas.

---

[18] *See* FED. R. CIV. P. 34.

### 3. The Subpoenas impose unnecessary burden as to testimony

21. In addition to the broad, privileged documents sought by the Subpoenas, the Subpoenas further seek testimony over a two day period. The Subpoenas were not coordinated beforehand and to not take into account the Movants' and their representatives' schedules. Again, there is no compensation, other than the statutory witness fee, for this overlong and schedule-disruptive testimony, all of which is likely protected by privilege. As such, the Subpoenas are oppressive and have and will impose upon Movants undue burden and expense. Accordingly, Movants seek protection pursuant to Rule 26(c) from the documents requested in the Subpoenas.

### 4. There is no authority for the issuance of the Subpoenas

22. Not specifically addressed as to Rule 26(c), it is nevertheless important to note that the Federal Arbitration Act does not authorize arbitrators to compel pre-hearing document discovery from non-parties as the Plaintiffs are attempting to do herein.[19]

23. After consultation with the American Arbitration Association, and upon information and belief, the Arbitration is not set to be heard until the end of September 2015.[20] Upon further consultation with the American Arbitration Association, and upon information and belief, the Arbitration itself is being administered out of state, and the Arbitrators will not be

---

[19] *See Empire Fin. Group, Inc. v. Penson Fin. Servs., Inc.*, Case No. 3:09-CV-2155-D, 2010 WL 742579 *2 (N.D. Tex. Mar. 03, 2010) ("The court adopts the reasoning of the Third and Second Circuits and holds that § 7 of the FAA does not authorize arbitrators to compel production of documents from a non-party, unless they are doing so in connection with the non-party's attendance at an arbitration hearing.") (citing *Life Receivables Trust v. Syndicate 102 at Lloyd's of London*, 549 F.3d 210, 2116-17 (2nd Cir. 2008) ("Thus, we join the Third Circuit in holding that section 7 of the FAA does not authorize arbitrators to compel pre-hearing document discovery from entities not party to the arbitration proceedings.") and *Hay Group, Inc. v. E.B.S. Acquisition Corp.*, 360 F.3d 404, 406 (3d Cir. 2004)).

[20] *See* Gibson Declaration, ¶ 8.

physically present in Dallas at the date and time specified by the Subpoenas, even though an in-person, physical presence is required by the Act and case law interpreting the Act.[21]

24. Even Plaintiff's attempted end-around the statute and Rules was to be contemplated, the physical presence of the Arbitration Panel is required in such an instance if for no other reason than to serve on a necessary check on an arbitrators' power, such that their "inconvenience" will induce panel members (and parties) to weigh whether in-advance third-party testimony and production of documents is necessary or appropriate.[22] The Subpoenas, however styled, are for a pre-trial deposition and pre-trial production of documents, and *not* for the hearing of the Arbitration case, and are not countenanced by the Act.[23] Accordingly the are annoying and oppressive, and Movants seek protection pursuant to Rule 26(c) from the documents requested in the Subpoenas.

### PRAYER FOR RELIEF

WHEREFORE, Movants pray that the Court protect Movants from the Subpoenas, and grants Movants what other and further relief may be warranted or appropriate at law or equity.

---

[21] *See* 9 U.S.C. § 7 ("The arbitrators selected either as prescribed in this title or otherwise, or a majority of them, may summon in writing any person *to attend before them or any of them* as a witness and in a proper case to bring with him or them any book, record, document, or paper which may be deemed material as evidence in the case.") (emphasis added); *Hay Group*, 360 F.3d at 406 ("Thus, Section 7's language unambiguously restricts an arbitrator's subpoena power to situations *in which the non-party has been called to appear in the physical presence of the arbitrator* and to hand over the documents at that time.") (emphasis added).

[22] *See Hay Group*, 360 F.3d at 414 (Chertoff, J. concurring) ("To be sure, this procedure requires the arbitrators to decide that they are prepared to suffer some inconvenience of their own in order to mandate what is, in reality, an advance production of documents. But that is not necessarily a bad thing, since it will induce the arbitrators and parties to weigh whether advance production is really needed.").

[23] *See* Subpoenas, attached hereto as Exhibits "A" & "B." (calling for the proposed testimony to be "recorded by videotape and stenographic means").

Respectfully submitted,

/s/ Douglas Wade Carvell, P.C.
Charles W. Gameros, Jr., P.C.
Texas State Bar No. 00796596
Douglas Wade Carvell, P.C.
Texas State Bar No. 00796316

**HOGE & GAMEROS, L.L.P.**
4514 Cole Avenue, Suite 1500
Dallas, Texas 75205
Telephone: (214) 765-6002
Facsimile: (214) 292-8556
E-Mail: BGameros@LegalTexas.com
WCarvell@LegalTexas.com

**ATTORNEYS FOR MOVANTS**

**CERTIFICATE OF SERVICE**

I hereby that on August 21, 2015 a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by electronic mail, facsimile, or regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

I further hereby certify that on August 21, 2015 a copy of the foregoing was served upon the following via the methods indicated:

| VIA REGULAR UNITED STATES MAIL AND E-MAIL | VIA REGULAR UNITED STATES MAIL AND E-MAIL |
|---|---|
| Barry Barnett | C. Gregory Shamoun, Esq. |
| SUSMAN GODFREY, LLP | SHAMOUN & NORMAN, LLP |
| 901 Main Street, Suite 5100 | 1755 Wittington Place, Suite 200 |
| Dallas Texas 75202 | Dallas, Texas 75234 |
| Telephone: 214-754-1903 | Telephone: (214) 987-1745 |
| Facsimile: 214-754-1933 | Facsimile: (214) 521-9033 |
| E-Mail: bbarnett@susmangodfrey.com | Email: g@snlegal.com |
| *Counsel for Plaintiffs* | *Counsel for Defendants* |

/s/ Douglas Wade Carvell, P.C.
Douglas Wade Carvell, P.C.

## CERTIFICATE OF CONFERENCE

On August 21, 2015, the undersigned conferred with counsel for the Plaintiffs regarding the subject matter of the foregoing motion. Plaintiffs <u>oppose</u> the requested relief.

On August 21, 2015, the undersigned conferred with counsel for the Defendants regarding the subject matter of the foregoing motion. Defendants <u>do not oppose</u> the requested relief.

The matter is therefore submitted to the Court for a determination.

Signed this 21st day of August, 2015.

<u>/s/ Douglas Wade Carvell, P.C.</u>
Douglas Wade Carvell, P.C.