**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **ASDC HOLDINGS, LLC; ASDC LIQUIDATION, INC.; VALOR MANAGEMENT CORP.; ANTONIO GRACIAS; JUAN SABATER; JONATHAN SHULKIN; and ALL SMILES LIQUIDATION TRUST,** | § | |
| **Plaintiffs,** | § | |
| | § | **Misc. Case No. 3:15-mc-00089-P** |
| **v.** | § | |
| | § | **Pending before the American Arbitration Association (Commercial Arbitration) Case No. 14 193 Y 00243 11** |
| **THE RICHARD J. MALOUF 2008 ALL-SMILES GRANTOR RETAINED ANNUITY TRUST, RICHARD J. MALOUF, STRAIT LANE FAMILY LP, CAMELIA FAMILY LIMITED PARTNERSHIP, and DEAL TIME AUTO GROUP, LLC,** | § | |
| **Defendants.** | § | |

---

**MOTION AND REQUEST FOR HEARING AND/OR EXPEDITED CONSIDERATION MOTION TO QUASH AND MOTION FOR PROTECTION**

---

TO THE HONORABLE COURT:

Non-parties Michael P. Gibson ("Gibson") and Burleson, Pate & Gibson, L.L.P. ("BP&G") (together "Movants"), file this, their Motion and Request for Hearing and/or Expedited Consideration Motion to Quash and Motion for Protection, and respectfully state as follows:

## SUMMARY OF MOTION

Movants timely filed their Motion to Quash on August 19, 2015 and Motion for Protection on August 21, 2105. The objectionable testimony and documents to be produced therewith are scheduled August 26, 2015 and August 27, 2015.

In order to protect Movants, and in the interests of efficiency and justice, Movants pray that the Court consider and/or hear this matter on an expedited basis and grant hearing on or before August 25, 2015.

In the alternative, Movants pray the Court take an interim step and temporarily stay the deposition and document production until such time as the Motion to Quash and Motion for Protection may be heard and decided.

## FACTUAL AND PROCEDURAL HISTORY

1. On August 5, 2015, Movants were each served with a Subpoena Duces Tecum[1] (the "Subpoenas") issued out of the Arbitration, and apparently signed one member of the panel assigned to hear the Arbitration (the "Arbitration Panel").[2] The Subpoenas cite for their authority Rule 34(d) of the Commercial Arbitration Rules of the American Arbitration Association and Section 7 of the Federal Arbitration Act, codified at 9 U.S.C. § 7.[3]

2. Movants are not parties to the Arbitration.[4]

3. The subpoena served on Movant Gibson calls for him to "testify and provide evidence in a certain arbitration hearing" on August 27, 2015, in the offices of Susman Godfrey, LLP, 901 Main Street, Suite 5100, Dallas, Texas.[5] The subpoena served on Movant Gibson also commands it to "bring with [him]" certain documents identified in an exhibit to the subpoena.[6]

4. The subpoena served on Movant BP&G commands it to "testify and provide evidence in a certain arbitration hearing" on August 26, 2015, in the offices of Susman Godfrey,

---

[1] *See* Declaration of Michael P. Gibson (the "Gibson Declaration"), ¶ 5. True and correct copies of the Subpoenas are attached hereto as Exhibits "A" & "B."

[2] *See* Subpoenas, attached hereto as Exhibits "A" & "B."

[3] *See* Subpoenas, attached hereto as Exhibits "A" & "B."

[4] *See* Gibson Declaration, ¶ 6.

[5] *See* Subpoena, attached hereto as Exhibit "A."

[6] *See* Subpoena, attached hereto as Exhibit "A."

LLP, 901 Main Street, Suite 5100, Dallas, Texas.[7] The subpoena served on Movant BP&G also commands it to "bring with [it]" certain documents identified in an exhibit to the subpoena.[8]

5. In addition, each of the Subpoenas commands Movants to "bring with [them] and produce documents regarding [their] representation of All Smiles Dental Center, Inc. ("All Smiles") in connection with government investigations:

> 1. Any fee agreements between All Smiles, on the one hand, and Burleson Pate & Gibson LLP, on the other.
>
> 2. Your client files for All Smiles.
>
> 3. Documents relating to any Government Investigation.[9]

The term "Government Investigation" is, in turn, defined as "all investigations or audits concerning All Smiles, Malouf, or any employee, agent, or representative thereof, by a government authority (including but not limited to the Department of Justice, the United States Attorney's office, the Dallas County District Attorney's office, the Texas Attorney General's office, the Office of the Inspector General, the Department of Health and Human Services, or the Texas Medicaid Fraud Control Unit) related to services provided by All Smiles or Malouf."[10]

6. The relevant time period is defined as January 1, 2004 to the present.[11]

7. Movants have served timely objections to the Subpoenas.

8. Movants have moved to quash the Subpoenas and to seek protection from the Subpoenas.

---

[7] *See* Subpoena, attached hereto as Exhibit "B."

[8] *See* Subpoena, attached hereto as Exhibit "B."

[9] *See* Subpoenas, attached hereto as Exhibits "A" & "B."

[10] *See* Subpoenas, attached hereto as Exhibits "A" & "B."

[11] *See* Subpoenas, attached hereto as Exhibits "A" & "B."

## REQUEST TO EXPEDITED CONSIDERATION

9. Though the arbitration proceeding has been pending for some time, and the Order allowing the issuance of the Subpoenas was entered on July 17, 2015, the Subpoenas were not served until August 5, 2015.

10. Movants timely filed their Motion to Quash on August 19, 2015 and a subsequent Motion for Protection on August 21, 2105; however, the objectionable testimony and documents to be produced therewith are scheduled for August 26, 2015 and August 27, 2015.

11. The Subpoenas only provide 21 days for compliance, a time less than that provide for under the Rules governing discovery among parties.[12]

12. In order to protect Movants, and in the interests of efficiency and justice, Movants pray that the Court consider and/or hear this matter on an expedited basis and grant hearing on or before August 25, 2015.

13. In the alternative, Movants pray the Court take an interim step, and temporarily stay the deposition and document production until such time as the Motion to Quash and Motion for Protection may be heard and decided.

## PRAYER FOR RELIEF

WHEREFORE, Movants pray that the Court consider and/or hear this matter on an expedited basis and grant hearing on or before August 25, 2015, or in the alternative temporarily stay the deposition and document production until such time as the Motion to Quash and Motion for Protection may be heard and decided, and that it grant Movants what other and further relief may be warranted or appropriate at law or equity.

[12] *See, e.g.*, FED R. CIV. P. 34.

Respectfully submitted,

/s/ Douglas Wade Carvell, P.C.
Charles W. Gameros, Jr., P.C.
Texas State Bar No. 00796596
Douglas Wade Carvell, P.C.
Texas State Bar No. 00796316

**HOGE & GAMEROS, L.L.P.**
4514 Cole Avenue, Suite 1500
Dallas, Texas 75205
Telephone: (214) 765-6002
Facsimile: (214) 292-8556
E-Mail: BGameros@LegalTexas.com
WCarvell@LegalTexas.com

**ATTORNEYS FOR MOVANTS**

## CERTIFICATE OF SERVICE

I hereby that on August 21, 2015 a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by electronic mail, facsimile, or regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

/s/ Douglas Wade Carvell, P.C.
Douglas Wade Carvell, P.C.

## CERTIFICATE OF CONFERENCE

On August 21, 2015, the undersigned conferred with counsel for the Plaintiffs regarding the subject matter of the foregoing motion. Plaintiffs oppose the requested relief.

On August 21, 2015, the undersigned conferred with counsel for the Defendants regarding the subject matter of the foregoing motion. Defendants do not oppose the requested relief.

The matter is therefore submitted to the Court for a determination.

Signed this 21st day of August, 2015.

/s/ Douglas Wade Carvell, P.C.
Douglas Wade Carvell, P.C.