**THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **ASDC HOLDINGS, LLC, ASDC LIQUIDATION, INC., VALOR MANAGEMENT CORP., ANTONIO GRACIAS, JUAN SABATER, JONATHAN SHULKIN, and ALL SMILES LIQUIDATION TRUST,** | |
| **Plaintiffs,** | **Misc. Case No. 3:15-mc-00089-P** |
| **v.** | **Pending before the American Arbitration Association (Commercial Arbitration) Case No. 14 193 Y 00243 11** |
| **THE RICHARD J. MALOUF 2008 ALL-SMILES GRANTOR RETAINED ANNUITY TRUST, RICHARD J. MALOUF, STRAIT LANE FAMILY LP; CAMELIA FAMILY LIMITED PARTNERSHIP, and DEAL TIME AUTO GROUP, LLC,** | |
| **Defendants.** | |

**MOTION TO DISMISS FOR FAILURE TO PLEAD
BASIS FOR JURISDICTION AND SUPPORTING BRIEF**

Under Rules 8(a)(1) and 12(b)(1) of the Federal Rules of Civil Procedure, ASDC Holdings, LLC, and the other respondents ("ASDC") move as follows to dismiss this miscellaneous case for failure to plead a basis for the Court's jurisdiction:

1. Burleson Pate & Gibson, LLP, and Michael P. Gibson, movants, brought this miscellaneous case on August 19, 2015. They seek relief in the form of an order quashing or staying two subpoenas that arbitrators in the underlying arbitration unanimously issued[1] under section 7 of the Arbitration Act, 9 U.S.C. § 7.

[1] ASDC formally requested the subpoenas on July 3, 2015, after Mr. Gibson did not respond to informal requests for access to the client files by former client All Smiles Dental Center, Inc.



3823166v1/012552

2. Rule 8(a)(1) provides that a pleading for relief "must" include "a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support". Fed. R. Civ. P. 8(a)(1).

3. The papers of the movants state no basis for this Court's jurisdiction.

4. The Arbitration Act "bestow[s] no federal jurisdiction but rather requir[es] [for access to a federal forum] an independent jurisdictional basis over the parties' dispute." *Vaden v. Discover Bank*, 556 U.S. 49, 59 (2009) (quoting *Hall St. Assoc., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 581–82 (2008)). The Federal Rules of Civil Procedure likewise do not "provide subject matter jurisdiction". *Goldman v. Citigroup Global Markets Inc.*, No. , 2015 WL 2377962, at * n.6 (D.D.C. May 19, 2015) (referring to Rule 81(a)(6)(B) and citing *Glus v. G.C. Murphy Co.*, 562 F.2d 880, 886 (3d Cir. 1977)) (granting motion to dismiss for want of jurisdiction).

5. Movants' failure to comply with Rule 8(a)(1) requires dismissal (although they may attempt to remedy the defect). *Carroll v. Abide*, 788 F.3d 502, 504 n.6 (5th Cir. 2015) (noting that courts in Fifth Circuit "will not dismiss for lack of jurisdiction unless 'it appears certain that the plaintiff cannot prove a plausible set of facts that establish subject-matter jurisdiction.'") (quoting *Venable v. La. Workers' Comp. Corp.*, 740 F.3d 937, 941 (5th Cir. 2013)).

6. ASDC does not know of any potential basis for subject-matter jurisdiction in this case except 28 U.S.C. § 1334(a), which confers jurisdiction over disputes relating to bankruptcy cases. Movants have not invoked section 1334(a).

7. But ASDC has. On August 18, 2015, it filed in the United States Bankruptcy Court for the Northern District of Texas, Dallas Division, a motion to reopen the bankruptcy case

for ASDC Liquidation, Inc. (formerly All Smiles Dental Center, Inc.), Case No. 12-32924-SGJ-11, and a motion to enforce the subpoenas that Respondents seek to quash or stay in this action.[2]

8. Movants apparently do not yet concede that bankruptcy jurisdiction exists. They have thus far declined to appear in the bankruptcy court to address ASDC's pending motions. But in the event movants do seek to invoke 28 U.S.C. § 1334(a) as a jurisdictional basis for this case, the Court should dismiss it in favor of the matter that ASDC brought in the bankruptcy court before Respondents filed in this Court.[3]

## Conclusion

ASDC respectfully requests the Court to dismiss this case for failure to comply with Rule 8(a)(1), which required movants to plead a basis for the Court's jurisdiction, and, alternatively, to dismiss it out of deference to the earlier proceeding, which concerns like subject matter, pending before the United States Bankruptcy Court for the Northern District of Texas, Dallas Division, in the event movants seek to ground jurisdiction on 28 U.S.C. § 1334(a) and to grant ASDC all other appropriate relief.

[2] The court initially declined to expedite consideration of the motions, but ASDC intends to request reconsideration in light of information that the court did not have at the time.

[3] ASDC reserves the right to request a stay or dismissal of this case in favor of the prior proceeding in the bankruptcy court.

Date: August 21, 2015

Respectfully submitted,

SUSMAN GODFREY L.L.P.

*/s/ Barry Barnett*

Barry Barnett
Texas Bar No. 01778700
Abigail Noebels
Texas Bar No. 24083578
Omar Ochoa
Texas Bar No. 24079813
901 Main Street, Suite 5100
Dallas, Texas 75202
Phone: 214-754-1900
Fax: 214-754-1933
Email: bbarnett@susmangodfrey.com
Email: anoebels@susmangodfrey.com
Email: oochoa@susmangodfrey.com

**ATTORNEYS FOR THE PLAINTIFFS**

## CERTIFICATE OF CONFERENCE

On August 21, 2015, I conferred by email with counsel for the movants about the subject matter of this motion but did not receive a response.

The matter is therefore submitted to the Court for a determination.

*/s/ Barry Barnett*
Barry Barnett

## CERTIFICATE OF SERVICE

I certify that on August 21, 2015, a true and correct copy of the foregoing motion was filed through the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by electronic mail, facsimiles, or regular U.S. mail.

*/s/ Barry Barnett*
Barry Barnett